UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRELL HARRIS,

      Plaintiff,

v.                                      Case No. 24-CV-314

OFFICER MARKET, OFFICER SHOUP,
and MILWAUKEE POLICE DEPARTMENT
DISTRICT 4,

      Defendants.

## ORDER

Plaintiff Terrell Harris, who is currently confined at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Harris also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Harris was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must

then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On March 11, 2024, Harris filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On March 12, 2024, the court ordered that Harris shall pay $57.04 as an initial partial filing fee by April 11, 2024. (ECF No. 5.) Harris paid the fee on April 1, 2024. The court will grant Harris's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must
2

contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Harris's Allegations*

Harris alleges that, while he was detained at the Milwaukee Secure Detention Facility (MSDF), defendants Officer Market and Officer Shoup, who were with the Milwaukee Police Department District 4, came to take Harris's "formal report" because prior to his detainment he was a victim of sexual assault. (ECF No. 1 at 2.) During the interview the officers made insulting comments, stating that he was too "grown" to be a victim of sexual assault and that they did not believe him. (*Id.* at 2-3.) They also referenced Harris's previous conviction for child enticement.

3

(*Id.* at 3.) Additionally, they walked out without taking a full report, which resulted in the district attorney not having enough evidence to move forward with prosecution. (*Id.*)

*Analysis*

Harris claims that his constitutional rights were violated by Market and Shoup when they made insulting comments and did not properly investigate his allegations of sexual assault. In addition to Market and Shoup, Harris sues "Milwaukee Police Department District 4." Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee Police Department District 4 is not a person, nor is it a separate legal entity that can be sued under §1983. *See Louis v. Milwaukee County Jail*, No. 17-cv-113-wed-pp, 2017 WL 3037567 at *2 (E.D. Wis. July, 18 2017) (citing *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 N.D. Ill. 1993)). Therefore, …

Harris also alleges that he was verbally harassed by Market and Shoup. "Only on rare occasions does verbal harassment of a pretrial detainee or incarcerated person rise to the level of a constitutional violation." *Griffin v. Garcia*, Case No. 19-cv-1070-pp, 2024 WL 1071651 at * 5 (E.D. Wis. Mar. 12, 2024) (citing *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Verbal harassment rises to the level of cruel and unusual punishment only where it incites psychological pain, such as a guard purposely telling an inmate with a headache that the doctor told him that the inmate had terminal brain cancer. *Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019).

Harris does not provide details regarding the effect the verbal harassment had on him. Although he states it caused mental anguish, he does not elaborate. Harris filed a supplement to his complaint that contains more detail (ECF No. 8), but under Federal Rule of Civil Procedure 15(d) a supplemental pleading is only for transactions, occurrences or events that occurred after the filing of the pleading to be supplemented. Supplemental pleadings are distinguished from amended pleadings and are not to be used to provide detail that is missing from the original complaint.

As for the failure to investigate, generally there is no constitutional right to an investigation, *see Davis v. Owens*, 973 F.2d 574, 577 (7th Cir. 1992), but Harris may have a claim under the Equal Protection Clause. However, he does not include enough detail for the court to make this determination.

For these reasons, Harris fails to state a claim upon which relief may be granted. The Seventh Circuit has emphasized, however, that the district court generally must afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Harris so chooses, he may file an amended complaint by **May 28, 2024,** and specify what impact the defendants' actions had on him. He is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action based on Harris's failure to state a claim in his original amended complaint. The court will enclose an amended complaint form along with this decision. Harris must use the form. If he needs more space, he may attach up to five additional pages.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Harris's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before **May 28, 2024**, Harris may file an amended complaint. If the court does not receive an amended complaint by that date, the court will dismiss this action based on the original complaint's failure to state a claim and will issue him a "strike" under 28 U.S.C. § 1915(g)

**IT IS FURTHER ORDERED** that the agency having custody of Harris shall collect from his institution trust account the $292.96 balance of the filing fee by collecting monthly payments from Harris's prison trust account in an amount equal to 20% of the preceding month's income credited to Harris's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Harris is transferred to another county, state, or federal institution, the transferring

institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Harris is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Harris is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Harris is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Harris's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

7

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Harris may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 9th day of May, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge